UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BO HUNT,**<br><br>*Plaintiff,*<br><br>v.<br><br>**VALLEY FORGE MILITARY ACADEMY FOUNDATION d/b/a/ VALLEY FORGE MILITARY ACADEMY AND COLLEGE,**<br><br>*Defendant.* | **CASE NO.**<br><br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

### I.   INTRODUCTION

This is an action arising from the false accusation of a Title IX violation and Valley Forge Military Academy and College's violation of due process.

### II.   PARTIES

1. Bo Hunt was a student at Valley Forge Military Academy and College. Plaintiff is a resident of the State of Maryland.

2. Valley Forge Military Academy Foundation d/b/a Valley Forge Military Academy and College ("Valley Force") is a domestic nonprofit located in Wayne, Pennsylvania. Valley Forge receives federal funds and is governed through

1

its Board of Trustees. Valley Forge received federal funding at all times relevant to this litigation.

### III. JURISDICTION & VENUE

3. This court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, which provides district courts with jurisdiction over civil actions arising under the United States Constitution or laws of the United States.

4. Defendant conducts business within the Commonwealth of Pennsylvania.

5. Venue in this action is properly in the Eastern District of Pennsylvania because the events relevant to this action occurred primarily within the geographical confines of the Eastern District of Pennsylvania.

### IV. FACTUAL ALLEGATIONS

6. At all times relevant to this litigation, Hunt was a student Valley Forge.

7. On October 28, 2023, Plaintiff and female Cadet Powell had a consensual relationship.

8. Cadet Powell later filed a Title IX grievance with Valley Forge against Plaintiff alleging sexual assault on campus on November 17, 2023.

9. A formal interview of Cadet Powell was conducted by December 7, 2023.

10. Plaintiff was notified of the Title IX complaint on November 17, 2023, and a formal interview followed on December 8, 2023.

11. On January 18, 2024, a pre-hearing meeting was conducted.

12. Plaintiff is entitled to have an advocate present with him during the Title IX hearing.

13. At the pre-hearing, both Plaintiff and Cadet Powell were asked if they wanted an advocate present for the hearing.

14. Both responded in the affirmative.

15. The formal hearing was to take place on January 23, 2024, at 10:00am.

16. Neither Plaintiff nor Cadet Powell were provided with an advocate for the Title IX hearing.

17. The hearing was rescheduled to January 24, 2024.

18. On January 24, 2024, a formal Title IX hearing was conducted.

19. On the morning of the hearing, Plaintiff was provided with Dr. Smith as an advocate.

20. As such, before the hearing, Plaintiff had not had any meaningful time or opportunity to consult with his advocate, Dr. Smith.

21. Cadet Powell was provided with a Sexual Harassment Assault Response and Prevention (SHARP) trained ROTC Instructor.

22. Title IX rules call for full production of all evidence, such as interview transcripts, witness transcripts, emails and other evidence purported against the Plaintiff.

23. The full evidence pertaining to the investigation was not provided to Plaintiff, only summary statements offered by the investigator.

24. Without full evidence, Plaintiff and Dr. Smith were unable to mount an adequate defense.

25. Dr. Smith did not know the circumstance of Plaintiff's Title IX case and was unable to meaningfully assist in the hearing process.

26. Dr. Smith's inability to advocate on Plaintiff's behalf can be seen through the multiple lengthy recesses necessary for Plaintiff to speak with Dr. Smith.

27. The Title IX advocate/advisor is explicitly entrusted with the responsibility of posing direct questions to any administrator, party, or witness on behalf of their advisee during a hearing.

28. Title IX regulations explicitly mandate live, oral cross-examination by each party's advisor.

29. The Hearing Officer, however, insisted that all questions be submitted in writing through him.

30. As a result of the hearing as conducted, it was found that Plaintiff violated Valley Forge's Title IX policy pertaining to sexual assault.

31. Following the outcome of the Title IX hearing, on February 6, 2024, Plaintiff was expelled from Valley Forge.

32. Plaintiff did not receive the Hearing Officer's Written Determination.

33. Title IX regulations specify the creation and availability of an audio or audiovisual recording for review.

34. Plaintiff requested the recording of the Title IX hearing and was told that an electronic copy could not be provided and physical presence at the school was required.

35. On February 13, 2024, Plaintiff appealed the expulsion.

36. Plaintiff was not provided with the Hearing Officer's Written Determination until February 20, 2024.

37. Plaintiff and Cadet Powell were allowed to provide by February 27, 2024, a written statement or an appeal based on the Written Determination.

38. On February 26, 2024, Plaintiff submitted an amended appeal.

39. The following issues were raised on appeal:

    a. Valley Forge's failure to provide Plaintiff with an advisor throughout the Title IX process;

    b. Valley Forge's failure to produce the complete investigative report and evidence;

    c. Valley Forge's violations of the Title IX regulations related to cross-examination at the formal hearing;

    d. Valley Forge's error in providing the sanctions and appeal letter before the Written Determination; and

    e. Valley Forge's imposition of excessive sanctions.

40. Valley Forge failed to remediate their due process violations and upheld the Title IX outcome and Plaintiff's expulsion.

41. The expulsion remains on Hunt's educational records.

42. As a result of Plaintiff's expulsion from Valley Forge, Plaintiff was subsequently disenrolled from the United States Army Reserve Officers' Training Corps ("ROTC") Program.

43. The disenrollment was "based on your dismissal from school".

## V.   CAUSES OF ACTION

### Count One

**Plaintiff v. Defendant**
**Violation of Fourteenth Amendment**
**(Pursuant to 42 U.S.C. § 1983)**
*Procedural Due Process*

44. Plaintiff restates each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set out herein.

45. The Fourteenth Amendment to the U.S. Constitution provides, in pertinent part, that "no person shall be deprived of life, liberty, or property without the due process of law."

46. Plaintiff was deprived of his right to an education and ROTC training.

47. Plaintiff has been denied his due process rights by Defendant in violation of the Fourteenth Amendment in that Defendant:

    a. failed to provide Plaintiff with notice of the accusations being brought against him;

    b. failed to provide Plaintiff with the investigative file and evidence;

    c. failed to provide an advisor to meaningfully participate;

    d. failed to permit an advisor to conduct live cross-examination;

    e. failed to provide the audio recording;

    f. error in providing the sanctions and appeal letter before the Written Determination;

    g. excessive sanctions.

48. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer severe mental and emotional distress.

49. As a direct and proximate result of Defendant's actions, Plaintiff's education has been interrupted, disrupted and harmed.

50. As a direct and proximate result of Defendant's actions, Plaintiff was barred from continuing his ROTC training.

51. The actions of Defendant violated the provisions of 42 U.S.C. § 1983, in that they knowingly and willfully violated the civil rights of Plaintiff.

52. Defendant Valley Forge is vicariously responsible for actions of employees acting within the scope of their employment, requiring injunctive relief.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court:

(a) Enter judgment against Defendant and in favor of Plaintiff for actual damages for financial loss, humiliation, mental anguish, and emotional distress and punitive damages in amounts to be determined at trial and as are allowed under the statute;

(b) Enter judgment against Defendant and in favor of Plaintiff for an injunction clearing Plaintiff's educational and disciplinary record of all wrongdoing related to the Title IX investigation and subsequent hearing and appeals;

(c) Enter judgment against Defendant and in favor of Plaintiff for all costs sustained in connection with the prosecution of this action, including attorneys' fees; and

(d) Grant such other and further relief as justice requires.

## VI.   JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury on all issues stated in this action.

Dated: March 12, 2025　　　　　　　Respectfully Submitted,


　　　　　　　　　　　　　　　　　*/s/ Solomon Radner*
　　　　　　　　　　　　　　　　　Solomon Radner, Esq. (*pro hac vice* to be applied for)
　　　　　　　　　　　　　　　　　THE LAW OFFICE OF KEITH ALTMAN
　　　　　　　　　　　　　　　　　33228 West 12 Mile Road, Suite 375
　　　　　　　　　　　　　　　　　Farmington Hills, Michigan 48334
　　　　　　　　　　　　　　　　　Telephone: (248) 987-8929
　　　　　　　　　　　　　　　　　solomonradner@kaltmanlaw.com

　　　　　　　　　　　　　　　　　*Attorney for Plaintiff*


　　　　　　　　　　　　　　　　　*Devon M. Jacob*
　　　　　　　　　　　　　　　　　Devon M. Jacob, Esq.
　　　　　　　　　　　　　　　　　PA BAR # 89182
　　　　　　　　　　　　　　　　　Jacob Litigation, Inc.
　　　　　　　　　　　　　　　　　P.O. Box 837
　　　　　　　　　　　　　　　　　Mechanicsburg, Pa. 17055-0837
　　　　　　　　　　　　　　　　　Telephone: (717) 796-7733
　　　　　　　　　　　　　　　　　DJacob@jacoblitigation.com

　　　　　　　　　　　　　　　　　*Local Counsel for Plaintiff*