**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BO HUNT, *Plaintiff,* | : | |
| v. | : | 2:25-cv-01323 |
| VALLEY FORGE MILITARY ACADEMY AND COLLEGE *Defendant.* | : | |

**ORDER**

AND NOW, this 10th day of July 2025, upon consideration of Defendant's Motion to Dismiss (Dkt. 20), Plaintiff's Amended Complaint (Dkt. 22), Defendant's letter dated July 2, 2025 (Dkt. 23), and Plaintiff's Motion for Leave to File a Second Amended Complaint (Dkt. 24), Plaintiff is hereby ORDERED to show cause by way of responsive pleading, no later than July 18, 2025, as to why the Court should not issue sanctions pursuant to Fed. R. Civ. P. 11(c)(3) and/or this Court's inherent authority, including, but not limited to, revoking counsel Solomon Radner's permission to appear in this case *pro hac vice.*[1]

BY THE COURT:

GAIL A. WEILHEIMER, J.

---

1 Both parties represent that on May 6, 2025, they met and conferred consistent with this Court's published guidelines to discuss Defendant's anticipated Motion to Dismiss. During that meeting, it was agreed that Plaintiff needed to amend his complaint to substitute the Section 1983 claim with a Title IX claim. Plaintiff inquired as to whether Defendant would consent to a joint motion to dismiss the case

without prejudice so that Plaintiff could file a new Complaint and add a Title IX claim. On May 16, Defendant advised Plaintiff by way of letter that it did not consent to Plaintiff's proposal with respect to a joint motion to dismiss without prejudice. On June 11, Defendant filed a Motion to Dismiss Plaintiff's Amended Complaint. On July 1, Plaintiff filed an Amended Complaint which still listed "Count One" as a Section 1983 Claim. (Dkt. 22). The next day Defendant filed a letter to this Court indicating that Plaintiff had failed to amend his complaint consistent with the May 6 meet and confer. Later that same day Plaintiff moved to file a Second Amended Complaint which appears to remedy the issue – now 8 weeks later.

At the outset, this Court is bewildered by Plaintiff's proposal to defendant to permit Plaintiff to dismiss the case, in full, without prejudice to refile a Title IX claim. This Court's Guidelines specifically contemplate a situation where a plaintiff finds out of a fatal flaw in their complaint during conference before the filing of a 12(b) motion. Weilheimer Guidelines at § III. The Court's guidelines give explicit permission for a plaintiff in that position to file an amended Complaint without further leave of Court. *See id.* ("A party who files an amended complaint in response to meeting and conferring with opposing counsel prior to the filing of a motion pursuant to Rule 12(b) should attach to the amended complaint a certification that such amendment was the result of compliance with this protocol. If such certification is attached, the amended complaint will be deemed filed with leave of Court under Fed. R. Civ. P. 15(a)(2). . . .").

On May 7, 2025, or soon thereafter, Plaintiff could have and should have filed an Amended Complaint removing his objectively frivolous §1983 claim and substituting a Title IX case. Even assuming Plaintiff was ignorant of this Court's specific procedures (and ignorance which would be no excuse for noncompliance, of course), Plaintiff still had the option to move this Court for leave to amend his Complaint to remove an admittedly-invalid claim and substitute one which may have merit.

But Plaintiff did not. In fact, Plaintiff did nothing. For *eight weeks*, Plaintiff permitted a Complaint with just this one, dead on arrival, count sit before this Court and did nothing to fix this. In the interim, Plaintiff filed a motion for leave to amend to fix a redaction issue, but still did nothing to eliminate the claim he knew to be frivolous. Plaintiff permitted (and arguably required) Defendant to file a fully briefed motion to dismiss the frivolous claim, but did not bother to file his own opposition to it (perhaps knowing Plaintiff would eventually abandon his §1983 claim). All of this follows Plaintiff's requiring this Court's intervention twice (once on an emergency basis) based upon his failure to adequately anonymize an alleged victim of sexual assault.

Either out of inattention to the rules or deliberate ignorance thereto, Plaintiff failed to correct a known flaw in his pleadings until Defendant's letter prompted him to speak up. No matter the cause for this delay, it is not excusable. Plaintiff's counsel's

*pro hac vice* status is no excuse. By virtue of his application for admission *pro hac vice* (in which he misspelled his own name on pg. 2), Mr. Radner has agreed to submit to the rules and guidelines of this Court. Admission pro hac vice is a privilege. *See In re Complaint of PMD Enters. Inc.*, 215 F. Supp. 2d 519, 531 (D.N.J. 2002). Such permission can be revoked after counsel has been granted the opportunity to be heard. *Johnson v. Trueblood*, 629 F.2d 302, 304 (3d Cir. 1980).

The course of this litigation so far calls for a level-set regarding the expectations this Court has for counsel who appear before it. So far, this Court believes its expectations have not been met. The Court has statutory authority under Rule 11 and broad inherent authority to sanction conduct causing an otherwise innocent party to incur unnecessary expenses. *See Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 103-104. Accordingly, Plaintiff is ordered to show cause as to why this Court should not sanction Plaintiff and/or his counsel, including potentially revoking Mr. Radner's permission to practice before this Court *pro hac vice*.

After receiving Plaintiff's filing in response to this order, the Court will likely schedule an in-person hearing. Defendant is permitted to file a response to Plaintiff's filing but is not required to do so. The Court will rule separately on Plaintiff's pending motion for leave to amend and/or Defendant's motion to dismiss.