UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BO HUNT,** *Plaintiff,* v. **VALLEY FORGE MILITARY ACADEMY FOUNDATION d/b/a/ VALLEY FORCE MILITARY ACADEMY AND COLLEGE,** *Defendant.* | **CASE NO. 2:25-cv-01323** **JURY TRIAL DEMANDED** |

## SECOND AMENDED COMPLAINT

### INTRODUCTION

This is an action arising from Valley Forge Military Academy and College's violation of Title IX.

### PARTIES

1. Plaintiff, Bo Hunt ("Hunt"), is an adult and a former student at Valley Forge Military Academy and College. Plaintiff is a resident of the State of Maryland.

2. Defendant, Valley Forge Military Academy Foundation d/b/a Valley Forge Military Academy and College ("Valley Forge"), is a domestic nonprofit located in Wayne, Pennsylvania. Valley Forge receives federal funds and is

1

governed through its Board of Trustees. Valley Forge received federal funding during all times relevant to this litigation.

## JURISDICTION & VENUE

3. This court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, which provides district courts with jurisdiction over civil actions arising under the United States Constitution or laws of the United States.

4. Valley Forge conducts business within the Commonwealth of Pennsylvania.

5. Venue in this action is properly in the Eastern District of Pennsylvania because the events relevant to this action occurred primarily within the geographical confines of the Eastern District of Pennsylvania.

## FACTUAL ALLEGATIONS

6. During all relevant times, Hunt was a student at Valley Forge.

7. On October 28, 2023, Hunt and Jane Doe ("Jane Doe") had a consensual relationship.

8. Jane Doe later filed a Title IX grievance with Valley Forge against Hunt alleging sexual assault on campus on November 17, 2023.

9. A formal interview of Jane Doe was conducted on December 7, 2023.

10. Hunt was notified of the Title IX complaint on November 17, 2023, and a formal interview followed on December 8, 2023.

11. On January 18, 2024, a pre-hearing meeting was conducted.

12. Hunt was entitled to have an advocate present with him during the Title IX hearing.

13. At the pre-hearing, both Hunt and Jane Doe were asked if they wanted an advocate present for the hearing.

14. Both responded in the affirmative.

15. The formal hearing was to take place on January 23, 2024, at 10:00 a.m.

16. Neither Hunt nor Jane Doe were provided with an advocate for the Title IX hearing.

17. The hearing was rescheduled to January 24, 2024.

18. On January 24, 2024, a formal Title IX hearing was conducted.

19. On the morning of the hearing, Hunt was provided with Dr. Smith as an advocate.

20. As such, prior to the hearing, Hunt had not had a meaningful opportunity to consult with his advocate.

21. Jane Doe was provided with a "SHARP" trained ROTC Instructor.

22. Title IX rules required that all evidence, i.e., interview transcripts, witness transcripts, and emails, be produced to the accused.

23. All evidence pertaining to the investigation against Hunt, however, was not provided him.

24. Instead, Hunt was only provided with summaries of witness statements.

25. Without having an opportunity to review all of the evidence related to the investigation, Hunt and Dr. Smith were not able to mount an adequate defense.

26. Dr. Smith did not know the circumstances of Hunt's Title IX case and was not able to meaningfully assist him during the hearing process.

27. Dr. Smith's inability to advocate on Hunt's behalf can be seen through the multi-lengthy recesses necessary for Hunt to speak with Dr. Smith.

28. The Title IX advocate/advisor is explicitly entrusted with the responsibility of posing direct questions to any administrator, party, or witness on behalf of their advisee during a hearing.

29. Title IX regulations explicitly mandate live, oral cross-examination by each party's advisor.

30. The Hearing Officer, however, insisted that all questions be submitted in writing through him.

31. As a result of the hearing as conducted, it was found that Hunt violated Valley Forge's Title IX policy pertaining to sexual assault.

32. As a result, on February 6, 2024, Hunt was expelled from Valley Forge.

33. Hunt was not provided with a copy of the Hearing Officer's Written Determination.

34. Title IX regulations specify the creation and availability of an audio or audiovisual recording for review.

35. Hunt requested a copy of the recording of the Title IX hearing but his request was denied.

36. Hunt was advised that an electronic copy could only be provided to people who were physically present at the school.

37. On February 13, 2024, Hunt appealed the expulsion.

38. Hunt was not provided with the Hearing Officer's Written Determination until February 20, 2024.

39. Hunt and Jane Doe were then provided with a deadline of February 27, 2024, to submit a written statement or an appeal of the Written Determination.

40. On February 26, 2024, Hunt submitted an amended appeal.

41. The following issues were raised on appeal:

   a. Valley Forge's failure to provide Hunt with an advisor throughout the Title IX process;

   b. Valley Forge's failure to produce the complete investigative report and evidence;

   c. Valley Forge's violations of the Title IX regulations related to cross-examination at the formal hearing;

    d. Valley Forge's error in providing the sanctions and appeal letter before the Written Determination; and

    e. Valley Forge's imposition of excessive sanctions.

42. Valley Forge failed to remediate their Title IX violations and upheld the Title IX decision and Hunt's expulsion.

43. The expulsion remains on Hunt's educational records.

44. As a result of Hunt's expulsion from Valley Forge, Hunt was subsequently disenrolled from the United States Army Reserve Officers' Training Corps ("ROTC") Program.

45. The disenrollment was "based on your dismissal from school".

## CAUSES OF ACTION

### COUNT I

### HUNT v. VALLEY FORGE

### VIOLATION OF TITLE IX OF THE EDUCATION ACT AMENDMENTS OF 1972

46. Paragraphs 1-45 are incorporated herein by reference.

47. Title IX of the Education Act Amendments of 1972 (20 U.S.C. § 1681) prohibits discrimination based on sex in educational institutions receiving federal funding.

48. Upon information and belief, at all times herein mentioned, Valley Forge received federal financial funding.

49. Schools receiving federal funding are required to employ at least one Title IX coordinator responsible for Title IX compliance.

50. 34 CFR § 106.44 provides that such institutions must respond affirmatively when a school official with the ability to take corrective measures receives actual knowledge that a student may have been discriminated against on the basis of sex.

51. Valley Forge failed to provide Hunt with an advisor throughout the Title IX process.

52. Valley Forge failed to produce the complete investigative report and evidence.

53. Valley Forge violated Title IX regulations related to cross-examination at the formal hearing.

54. Valley Forge failed to timely provide the Written Determination before the sanctions and appeal letter.

55. Valley Forge imposed excessive sanctions.

56. Valley Forge failed to remediate their due process violations and upheld the Title IX outcome and Plaintiff's expulsion.

57. The expulsion remains on Hunt's educational records.

58.  As a result of Plaintiff's expulsion from Valley Forge, Plaintiff was subsequently disenrolled from the United States Army Reserve Officers' Training Corps ("ROTC") Program.

59.  Valley Forge knew or should have known that Hunt was innocent and wrongfully found to have committed the offense.

60.  Valley Forge failed to protect Hunt from an erroneous outcome and failed to correct it once it occurred.

61.  The wrongful decision will be a part of Hunt's student record indefinitely and will result in future and continued injury because Hunt must declare the Title IX violation on all college and graduate school applications, scholarship applications, and background checks for future employment.

62.  As a direct and proximate result of Valley Forge's unlawful discrimination, Hunt has suffered injury.

WHEREFORE, Hunt prays that this Court:

(a)  Enter judgment against Valley Forge and in favor of Hunt for actual damages for all compensatory damages in amounts to be determined at trial and as are allowed under the law;

(b)  Enter judgment against Valley Forge and in favor of Hunt for an injunction clearing Hunt's educational and disciplinary record of all

wrongdoing related to the Title IX investigation and subsequent hearing and appeals;

(c) Enter judgment against Valley Forge and in favor of Hunt for all costs sustained in connection with the prosecution of this action, including attorneys' fees; and

(d) Grant such other and further relief as justice requires.

## JURY TRIAL DEMANDED

Hunt hereby demands a trial by jury on all issues stated in this action.

Dated: July 31, 2025

Respectfully Submitted,

*/s/ Solomon Radner*
Solomon Radner, Esq. (*pro hac vice*)
THE LAW OFFICE OF KEITH ALTMAN
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48334
Telephone: (248) 987-8929
solomonradner@kaltmanlaw.com

*Attorney for Plaintiff*

*/s/ Devon M. Jacob*
Devon M. Jacob, Esq.
PA BAR # 89182
Jacob Litigation, Inc.
P.O. Box 837
Mechanicsburg, Pa. 17055-0837
Telephone: (717) 796-7733
DJacob@jacoblitigation.com

*Local Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I, Solomon Radner, hereby certify that on July 31, 2025, I electronically filed a true and correct copy of the foregoing document using this Court's CM/ECF system, which will send notification of such filing upon the following counsel of record:

George C. Morrison, Esq.
Andrew T. Simmons, Esq.
Buchanan Ingersoll & Rooney PC
Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102
(215) 665-3909
george.morrison@bipc.com
andrew.simmons@bipc.com
Counsel for Defendant

                                                    */s/ Solomon Radner*
                                                    Solomon Radner, Esq.